# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Denver Boyce Jr., Petitioner Below,**
**Petitioner**

**vs) No. 13-0940** (Wirt County 08-P-11)

**Dennis Dingus, Warden, McDowell County**
**Correctional Center, Respondent Below, Respondent**

**FILED**

June 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Denver Boyce Jr., by counsel Angela Brunicardi-Doss, appeals the Circuit Court of Wirt County's July 31, 2013, order denying his petition for post-conviction writ of habeas corpus relief. Respondent Warden Dennis Dingus, by counsel Derek Knopp, filed a response.[1] On appeal, petitioner alleges that the circuit court erred in denying his petition for writ of habeas corpus because he received ineffective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court failed to make specific findings of facts and conclusions of law related to petitioner's claim of ineffective assistance of counsel. This case satisfies the limited circumstances requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

In 2007, petitioner was indicted on seven counts of third degree sexual assault. Thereafter, petitioner pled guilty to three counts of third degree sexual assault. As part of the plea agreement, the remaining charges were dismissed. In August of 2007, the circuit court sentenced petitioner to consecutive sentences of one to five years of imprisonment on each count of third degree sexual assault in violation of West Virginia Code § 61-8B-5. Additionally, the circuit court ordered petitioner to serve a period of twenty-five years of supervised release upon discharge of his underlying sentence.

In October of 2008, petitioner, *pro se*, filed a petition for writ of habeas corpus in the circuit court raising multiple grounds for relief. In April of 2010, petitioner, by counsel G. Bradley Frum, filed an amended petition for writ of habeas corpus alleging the following grounds:

---

[1]The petition for appeal originally listed the warden of St. Mary's Correctional Center, William Fox, as respondent. However, petitioner has since been transferred to the McDowell County Correctional Center. Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the appropriate party has been substituted in the style of this matter.

1

ineffective assistance of counsel, involuntary plea, failure by the State to disclose exculpatory evidence, insufficient evidence of the crime, prejudice by the judge, and denial of his right to file an appeal. The circuit court held an omnibus evidentiary hearing in June of 2010. Following the hearing, petitioner, *pro se*, filed another petition for writ of habeas corpus. Petitioner argued that his sentence of supervised release was unconstitutional pursuant to the principles of *ex post facto* because the crimes he pled guilty to were committed before the supervised release statute went into effect.[2]

In August of 2011, petitioner filed a second amended petition. Petitioner asserted that he was denied a fair parole hearing.[3] Thereafter, the circuit court held another omnibus evidentiary hearing during which additional testimony was taken. Following the second hearing, petitioner, *pro se*, filed an addendum to his petition. Petitioner argued that he was denied a copy of his transcripts in the underlying criminal matter. In December of 2012, the circuit court held a status hearing and directed the parties to submit proposed findings. By order entered on July 31, 2013, the circuit court denied petitioner habeas corpus relief raised in his first and second amended petitions and the addendum to his petition. It is from this order that petitioner now appeals.

We have previously held that

> "[i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Thompson v. Ballard*, 229 W.Va. 263, 728 S.E.2d 147 (2012).

On appeal, petitioner argues that he received an illegal sentence. Specifically, petitioner argues that his sentence of supervised release was illegal. However, petitioner filed a motion pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure to correct an illegal sentence, which is still pending in the circuit court. Rule 35(a) of the West Virginia Rules of Criminal Procedure states in part that "[t]he [circuit] court may correct an illegal sentence at any time." This Court has repeatedly confirmed that it will not rule on issues not raised and resolved in the lower court. *See In re Michael Ray T.*, 206 W.Va. 434, 444, 525 S.E.2d 315, 325 (1999)("a constant refrain of this Court is that we will not consider, for the first time on appeal, a matter that has not been determined by the lower court from which the appeal has been taken."). The record is devoid of any evidence that petitioner received a ruling on his Rule 35(a) motion. Therefore, "this Court will not decide nonjurisdictional questions which were not considered and decided by

---

[2]The circuit court did not rule on petitioner's first petition.

[3]Petitioner reasserted his claim that the implementation of a period of supervised release violated the principles of *ex post facto*.

the court from which the appeal has been taken." Syl. Pt. 2, *Mowery v. Hitt*, 155 W.Va. 103, 181 S.E.2d 334 (1971).

Petitioner also argues that he received ineffective assistance of counsel because his trial counsel did not object to or appeal his alleged illegal sentence. "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997). However, the circuit court's final order denying habeas relief lacks specific findings of fact and conclusions of law related to petitioner's claim of ineffective assistance of counsel. For this reason, the decision of the circuit court must be remanded with directions so that the circuit court can make the necessary findings and conclusions as they relate to petitioner's ineffective assistance of counsel claims.

The Court notes that the circuit court's order addresses additional grounds for relief that petitioner does assign as error in this appeal. It is a petitioner's burden to show the error in judgment of which he complains. *See* Syl. Pt. 2, *W. Va. Dept. of Health & Human Res. Emp. Fed. Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004). In addition, this Court has previously held that issues not addressed in an appellant's brief were deemed waived. *Damron v. Haines*, 223 W.Va. 135, 139 n.5, 672 S.E.2d 271, 275 n.5 (2008); *See In re Edward B.*, 210 W.Va. 621, 625 n.2, 558 S.E.2d 620, 624 n.2 (2001). Thus, we affirm the circuit court's order related to the grounds that petitioner did not raise in this appeal. Additionally, nothing in this memorandum decision prevents petitioner from appealing any order that the circuit court eventually enters in regard to petitioner's arguments concerning his alleged illegal sentence or claim of ineffective assistance of counsel.

For the foregoing reasons, we affirm the portion of the circuit court's July 31, 2013, order denying petitioner's petition for writ of habeas corpus on grounds that were not raised in this appeal, but remand with instructions to make the necessary findings and conclusions as they relate to petitioner's ineffective assistance of counsel claims.

Affirmed, in part, and remanded, in part, with directions.

**ISSUED**: June 2, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II