# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Charmain T. Willis,**
**Petitioner Below, Petitioner**

**FILED**

August 31, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0445** (Fayette County 13-C-268)

**Lori Nohe, Warden, Lakin**
**Correctional Center, Respondent Below,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Charmain T. Willis, by counsel Brandon S. Steele, appeals the Circuit Court of Fayette County's December 30, 2013, order denying her petition for post-conviction habeas corpus relief.[1] Respondent warden, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. On appeal, petitioner asserts that the circuit court erred in denying her habeas petition because (1) her 2011 guilty plea was "unlawfully induced" where her counsel failed to obtain an independent chemical test of the alleged controlled substance; (2) her 2009 trial counsel was constitutionally ineffective for several alleged deficiencies both before and during trial;[2] (3) "there were no African Americans on the jury, and . . . the State failed to disclose favorable evidence"; (4) the circuit court made racially charged comments at petitioner's sentencing hearing on January 17, 2012; and (5) her sentence was constitutionally excessive or more severe than expected.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008, petitioner was indicted on two counts of delivery of a controlled substance in violation of West Virginia Code § 60A-4-401. Prior to trial, in a jury questionnaire sent to potential jurors, Juror 16 indicated that he was African American. The jury trial commenced in 2009, and, at the conclusion of jury vior dire, the State used a peremptory strike to remove Juror

---

[1]Petitioner's counsel filed a brief in this matter pursuant to *Anders v. California*, 386 U.S. 738, (1967).

[2]As explained below, a jury found petitioner guilty of two felony offenses in 2009, and she pled guilty to a separate felony offense in 2011. Both the 2009 and 2011 convictions are at issue in this appeal.

16 from the jury panel. Petitioner challenged that strike on *Batson* grounds.[3] In articulating race-neutral grounds for the strike, the State explained that Juror 16 had voted to acquit another criminal defendant weeks earlier and that an officer involved in petitioner's case had made a controlled drug purchase from Juror 16 within the last year. The circuit court denied petitioner's *Batson* challenge, and Juror 16 was stricken from the jury panel. During the State's case-in-chief, a confidential informant ("CI") claimed that police "already had eight other purchases on [petitioner]." The circuit court sustained petitioner's objection to the statement and directed the jury to disregard it. At the conclusion of the State's case-in-chief, petitioner moved for judgment of acquittal or, in the alternative, a mistrial based, in part, on the CI's statement. The circuit court denied the motions. The jury found petitioner guilty on both counts.

In April of 2009, the circuit court sentenced petitioner to two consecutive prison terms of one to fifteen years, but it suspended that sentence and imposed a three-year probationary term. Only three months later, in July of 2009, petitioner's probation officer filed a notice of probation revocation alleging multiple violations of the alcohol and drug conditions of her probation. Petitioner admitted to the allegation that she used cocaine, but, nevertheless, the circuit court permitted her to return to probation with no additional terms or conditions.

In 2011, petitioner was arrested for delivery of a controlled substance. Petitioner's probation officer filed a second notice of probation revocation based on that arrest, and, in December of 2011, the circuit court held a joint plea and probation revocation hearing. Pursuant to her plea agreement with the State, petitioner admitted that she violated her probation as alleged, and she pled guilty to delivery of a controlled substance, by information.[4] During her plea colloquy with the circuit court, petitioner stated that she understood the consequences of her guilty plea and the rights she was waiving by pleading guilty, and, with that understanding and with advice of counsel, she still wished to plead guilty. Her signed plea agreement stated, in relevent part, that

> [b]efore being called upon to enter any plea in this case, I fully understand the following . . . [t]hat I have a right to challenge in the [t]rial [c]ourt and on appeal all pre-trial proceedings, but by pleading guilty I waive all pre-trial defects with regards to, among others, my arrest, the gathering of evidence against me and prior confessions, as well as, all non-jurisdictional defects in this criminal proceeding.

She also signed a waiver of rights statement in which she stated that her trial counsel "to [her] complete and total satisfaction, represented, advised and consulted with [her][.]" The circuit

---

[3]*See Batson v. Kentucky*, 476 U.S. 79 (1986) (holding that prosecution's purposeful exclusion of members of jury panel due to race is constitutional violation where defendant establishes prima facie case of the same and prosecution cannot articulate race-neutral explanation for the exclusion).

[4]Petitioner waived her right to a grand jury indictment in this matter, and the parties proceeded by information. The State dismissed the felony offense as charged in September of 2011.

court accepted petitioner's admission that she violated the conditions of her probation and accepted her guilty plea to the felony of delivery of a controlled substance.

In January of 2012, the circuit court held a joint sentencing and dispositional probation revocation hearing. For petitioner's probation violation, the circuit court imposed her original 2009 sentence of two terms of one to fifteen years in prison. For the 2011 conviction, the circuit court sentenced her to a third term of one to fifteen years in prison. All terms were ordered to run consecutive to one another. Petitioner did not directly appeal her convictions or sentences.

In October of 2013, petitioner filed a pro se habeas petition asserting three grounds: (1) "unlawfully induced" plea in 2011 because her counsel failed to obtain an independent chemical test of the alleged controlled substance; (2) ineffective assistance of trial counsel in 2009 due to several alleged deficiencies both before and during trial; and (3) "there were no African Americans on the jury, and . . . the State failed to disclose favorable evidence[.]" By order entered on December 30, 2013, the circuit court denied her habeas petition. The circuit court explained that petitioner's grounds were either waived and/or lacked merit. This appeal followed.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> [i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009) (internal citations omitted).

On appeal, petitioner assigns error to allegedly "racially charged" comments made by the circuit court at her sentencing hearing and to the amount of prison time she received as her sentence for these offenses. However, in her argument to this Court, petitioner failed to include "citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." W.Va. R. App. P. 10(c)(7). This Court has often held that it will not consider issues raised for the first time on appeal. *See In re Michael Ray T.*, 206 W.Va. 434, 444, 525 S.E.2d 315, 325 (1999) (stating that "a constant refrain of this Court is that we will not consider, for the first time on appeal, a matter that has not been determined by the lower court from which the appeal has been taken."); *see also* Syl. Pt. 1, *Mowery v. Hitt*, 155 W.Va. 103, 181 S.E.2d 334 (1971) (holding that "this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken."). The record is devoid of any evidence that petitioner included these issues in her habeas petition below or otherwise placed these issues before the circuit court. Therefore, we decline to address these issues on appeal.

Petitioner's remaining issues were raised in her habeas petition and were adequately addressed by the circuit court in its final order. Upon our review and consideration of the circuit

3

court's final order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner's petition for writ of habeas corpus based on the three grounds raised in this appeal. Having reviewed the circuit court's order denying habeas relief, entered on December 30, 2013, we hereby adopt and incorporate the circuit court's well-reasoned findings of fact and conclusions of law as to these assignments of error. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 31, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

# IN THE CIRCUIT COURT OF
# FAYETTE COUNTY, WEST VIRGINIA

CHARMAINE T. WILLIS,

       Petitioner,

vs.                              CIVIL ACTION NO. 13-C-268-H

MICHAEL S. VILLARS, ADMINISTRATOR,
TYGART VALLEY REGIONAL JAIL,

       Respondent.



## ORDER

On October 21, 2013, the Inmate Petitioner (hereinafter "Petitioner"), filed, pro se, a Petition seeking a writ of habeas corpus in regard to her convictions and incarceration at Tygart Valley Regional Jail for felony crimes.

The Court has conducted a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Post-Conviction Habeas Corpus Proceedings. After full consideration and review of the Petition, relevant law, complete contents of the court files in the Petitioner's underlying felony cases, and the complete contents of the court file herein, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.    The Petitioner was represented by Chief Fayette County Public Defender Nancy S. Fraley during all criminal proceedings described herein.

2. On February 10, 2009, the Petitioner, in Indictment No. 08-F-71-H, was found guilty by a petit jury of two (2) counts of the felony crime of delivery of cocaine, a Schedule II controlled substance. A Conviction Order was entered February 12, 2009.

3. A sentencing hearing was conducted in the aforementioned felony case on April 01, 2009. The Court sentenced the Defendant to an indeterminate term of not less than one (1) year nor more than fifteen (15) years in the West Virginia State Penitentiary system for each of the aforementioned felony crimes. Said sentences were ordered served consecutively. The Court further ordered that the aforementioned sentences be suspended and the Defendant be placed on supervised probation for a period of thirty-six (36) months. A Sentencing Order was entered April 09, 2009.

4. On July 13, 2009, Fayette County Probation Officer Marilyn Ferda served the Petitioner with a Notice of Revocation of Probation. Said notice alleged that the Petitioner committed multiple violations of her probation concerning the abuse of alcohol and controlled substances. Said Notice was filed in the Circuit Clerk's office on July 14, 2009.

5. On August 14, 2009, a preliminary probation revocation hearing was conducted. The Petitioner took an oath and answered questions posed by the Court. Whereupon, the Court determined that the Petitioner, fully aware of her right to a preliminary probation revocation hearing, knowingly, intelligently, and with the

2

advice of her counsel elected to waive said hearing. A Preliminary Probation Revocation Order was entered August 20, 2009.

6. On September 11, 2009, an adjudicatory probation revocation hearing was conducted, at which the Petitioner informed the Court that it was her desire to admit that she used cocaine, a Schedule II controlled substance, in violation of the rules of her probation. The Petitioner took an oath and answered questions posed by the Court. Whereupon, the Court determined that the Petitioner, knowingly, intelligently, and with the advice of her counsel, desired to admit to the aforementioned violation of the rules of her probation. The Petitioner testified that she was satisfied with her counsel and admitted to violating the rules of her probation. The Court accepted said admission, and an Adjudicatory Probation Revocation Order was entered September 16, 2009.

7. On November 12, 2009, a dispositional probation revocation hearing was conducted. At said hearing, the Court ordered the Petitioner returned to probation with all the original rules and regulations thereof. The Court further admonished the Petitioner that one (1) positive drug screen would cause her probation to be revoked and result in the execution of the aforementioned sentences. A Dispositional Probation Revocation Order was entered November 19, 2009.

8. A Motion to Revoke Probation was filed by the State on October 06, 2011. In said Motion, the State alleged that on "September 1, 2011, the defendant was charged with the felony offenses (crimes) of delivery of a controlled substance in

3

the Fayette County Magistrate Court." The State further alleged that on September 20, 2011, the Petitioner had waived her right to a preliminary hearing in Magistrate Court concerning the aforementioned charges. A Notice of Revocation was filed by the supervising probation officer on October 14, 2011.

9. On October 27, 2011, a preliminary probation revocation hearing was conducted. The Petitioner took an oath and answered questions posed by the Court. The Petitioner, having been informed by the Court of her right to a preliminary probation revocation hearing, knowingly, intelligently, and with the advice of her counsel chose to waive said preliminary hearing. A Preliminary Probation Revocation Order was entered November 01, 2011.

10. As to the new felony charges, aforementioned, the Petitioner signed, on December 14, 2011, a written plea agreement. Said plea agreement was also signed by the Petitioner's aforementioned counsel. In said plea agreement, the Defendant agreed to plead guilty to the felony crime of delivery of cocaine, a Schedule II narcotic, as charged in an information. The Petitioner further agreed to "make an admission to the allegation of violation probation as it relates to that certain Motion to Revoke Probation filed October 6, 2011, regarding Indictment No. 08-F-71." In exchange for her plea of guilty, the State agreed to move to dismiss the felony offense of delivery of a controlled substance, as charged in Fayette County Magistrate Court Case No. 11-F-525.

11. On December 15, 2011, the Information, No. 11-F-194-H, was filed and a plea hearing was conducted. Said Information charged the Petitioner with the felony

4

crime of delivery of cocaine, a Schedule II controlled substance. At said hearing, the Petitioner took an oath and answered questions posed by the Court. Whereupon, Court determined that the Defendant made a voluntary and informed decision, with the assistance of counsel, to waive presentment to a grand jury and to proceed by way of information. The Petitioner signed a Waiver of Indictment at said hearing, and the Court accepted said Waiver of Indictment. The Petitioner testified that she fully understood the nature and consequences of the plea agreement and the statutory and constitutional rights which she would waive upon entry of her Plea of Guilty. A Plea of Guilty was signed by the Petitioner upon her oral entry of a plea of guilty.

12. The written Plea of Guilty, signed by the Petitioner, contains the following language:

> Before being called upon to enter any plea in this case, I fully understand the following...That I have the right to challenge in the Trial Court and on appeal all pre-trial proceedings, but by pleading guilty I waive all pre-trial defects with regard to, among others, my arrest, the gathering of evidence against me and prior confessions, as well as, all non-jurisdictional defects in this criminal proceeding.

13. Further, on December 15, 2011, an adjudicatory probation revocation hearing was conducted in Indictment No. 08-F-71-H. At said hearing, the Petitioner took an oath and answered questions posed by the Court. The Petitioner knowingly, intelligently, knowledgably, with the advice of her counsel, and with a full understanding of the consequences thereof, admitted to the allegations

5

contained in the aforementioned Notice of Probation Revocation, namely, having committed the felony crime to which she pled guilty in Information No. 11-F-194-H. The Petitioner further testified that she was satisfied with her counsel. An Adjudicatory Probation Revocation Order was entered January 10, 2012.

14. A Conviction Order was entered in Information 11-F-194-H January 03, 2012. An Order Amending Conviction Order was entered January 17, 2012, because the second paragraph of the original Conviction Order incorrectly read that the Petitioner was being charged by way of information with the felony crime of embezzlement. The Amended Sentencing Order corrected said error.

15. A dispositional probation revocation hearing in Indictment No. 08-F-71-H was conducted on January 17, 2012. At said hearing, the Petitioner, her counsel, and counsel for the State addressed the Court. Whereupon, the Court ordered that the aforementioned sentences originally imposed on April 01, 2009, be executed, with the Petitioner being credited with thirty-four (34) days time previously served. A Probation Revocation and Commitment Order was entered January 19, 2013.

16. Further, on January 17, 2012, a sentencing hearing was conducted pursuant to Information No. 11-F-194-H. The Court, after considering the presentence report, denied the Petitioner's application for probation. The Court imposed a sentence of not more than one (1) year nor more than fifteen (15) years in the West Virginia State Penitentiary system for the aforementioned felony conviction. The Court ordered said sentence to be served consecutively with the two

6

aforementioned sentences imposed in Indictment No. 08-F-71-H. The Petitioner was provided both orally and in writing her appellate rights at said hearing.

17. On May 15, 2012, the Petitioner mailed to the Court a pro se pleading captioned "Motion for Reconsideration." In a handwritten letter attached to said motion, the Petitioner wrote: "I am writing this letter in regards to the remorse I feel for the crime I committed that lead to my incarceration." Said documents were filed on May 31, 2013, in both Indictment No. 08-F-71-H and Information No. 11-F-194-H, and said motion was denied by an Order entered the same date.

18. On September 20, 2012, the Petitioner filed, pro se, a pleading captioned "Motion for Reduction of Sentence" in Indictment No. 08-F-71-H. The Court denied said motion in an Order entered September 21, 2012.

19. The undersigned Judge presided in all of the aforementioned proceedings and is very familiar with the facts of both of the aforementioned felony cases.

20. The Petitioner did not file a Petition for Appeal in either of her felony cases, and the time for filing appeals has long since lapsed.

21. In Ground One (1) of the Petition, the Petitioner claims that her guilty plea in Information No. 11-F-194 was "unlawfully induced." The Petitioner argues that her counsel did not obtain chemical test results of an unidentified controlled substance and "didn't want to help find any loopholes with the witness." The Petitioner further claims that counsel pressured the Petitioner into accepting the plea agreement offered by the State.

7

22. Ineffective assistance of counsel is raised in Ground Two (2) of the Petition. The Petitioner claims that her counsel failed to obtain the aforementioned chemical tests results, that a witness for the State "lied and she didn't ask for it to be threw (sic) out until we was (sic) in the Judge's chamber," that her counsel only wanted the Petitioner to accept the plea agreement offered by the State, and that her counsel "didn't help represent me or my best interest for my whole case" because the Petitioner is "uneducated and African American."

23. In Ground Three (3) of the Petition, the Petitioner claims the State unconstitutionally failed to disclose evidence favorable to her case, specifically the aforementioned test of the unidentified controlled substance, presumably cocaine. The Petitioner argues that her counsel and the State "wanted me to plea and have the case over and done with." The Petitioner further claims in Ground Three (3) that she was denied "a fair jury selection of my peers."

24. The Petitioner fails to describe the specific relief she seeks in the Petition.


# CONCLUSIONS OF LAW

1. Jurisdiction and venue are appropriately in the Circuit Court of Fayette County, West Virginia.

2. Rule 3(c) of the Rules Governing Post Conviction Habeas Corpus Proceedings is as follows:

> The petition shall be examined promptly by the judge to whom it is assigned. The court shall prepare and enter an order for summary

8

dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated or waived. The court's summary dismissal order shall contain specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been previously and finally adjudicated and/or waived. If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal. Rule 3(c).

3. Since the Petitioner failed to file a direct appeal in either of her aforementioned felony cases, to the extent that any grounds for relief raised in the Petition could have been raised on direct appeal, said grounds for relief are hereby deemed waived. "For the purposes of this article, a contention or contentions and the grounds in fact or law relied upon in support thereof shall be deemed to have been waived when the petitioner could have advanced, but intelligently and knowingly failed to advance, such contention or contentions and grounds before trial, at trial, or on direct appeal..." W.Va. Code § 53-4A-1(c).

4. The Supreme Court of Appeals of West Virginia has adopted the following two-pronged test for determining ineffective assistance of counsel claims, which the United States Supreme Court established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): "(1) Counsel's performance was

9

deficient under an object standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995).

5. The Petitioner claims she denied effective assistance of counsel in Information No. 11-F-194-H due to her counsel's failure to request a laboratory test of an unspecified "drug." The Petitioner further claims that the State unconstitutionally failed to provide the Petitioner with its test results of said "drug." The Petition does not describe in any way how the Petitioner was prejudiced from her counsel's supposed failure to have this unspecified substance tested or by the State's failure to provide its test results of said substance.

6. The Petitioner claims that she was coerced by her counsel to accept the plea agreement. However, page three (3) of the aforementioned Plea of Guilty, signed by the Petitioner in the aforementioned plea hearing, reads, in part, as follows:

> Therefore, in the presence of Nancy S. Fraley, my lawyer, who has, to my complete and total satisfaction, represented, advised and consulted with me in this case and who has fully explained the nature and meaning of the charges contained in the information against me and having received and read a copy of the information before being called upon to plead, I hereby enter a plea of guilty to the felony offense of "delivery of a Schedule II Controlled Substance, to wit: Cocaine," in violation of West Virginia Code 60A-

10

4-401, a yet to be filed information, a provable offense contained in said information.

7. Further, in Finding of Fact No. 02 of the aforementioned Conviction Order, the Court found as follows: "The Defendant has been represented by an attorney who is competent in criminal matters and has advised the defendant of her constitutional rights, and the defendant is fully satisfied with said attorney." The ineffective assistance of counsel claim is further undermined by the Petitioner's testimony that she was represented by competent counsel with whom she was satisfied at both of the aforementioned adjudicatory probation revocation hearings.

8. The Petitioner, despite signing the aforementioned Plea of Guilty, which indicated that the Petitioner was totally satisfied with her counsel, now complains from a correctional center that her counsel was ineffective. Thus, absent any evidence that the Petitioner was coerced into signing the Plea of Guilty, she either committed perjury by signing the aforementioned document or the grounds for relief raised herein are without merit.

9. The Petitioner does not claim to have any evidence or witness to support her assertion that her counsel coerced her into accepting the plea agreement offered by the State. Thus, in light of the above-quoted language from the signed Plea of Guilty and Conviction Order, this claim clearly amounts to a mere allegation with no factual support whatsoever.

11

10. The Petitioner's claim that her counsel did not protect her best interest because the Petitioner is "uneducated and African American" is also completely unsupported by any facts whatsoever and is totally baseless.

11. Further, the Court observed nothing at all during any of the aforementioned proceedings which would indicate that the Petitioner's plea of guilty was involuntary, coerced, or that the Petitioner lacked effective assistance of counsel in any way whatsoever.

12. For all the aforementioned reasons, Ground One (1) and Ground Two (2) of the Petition are clearly without merit.

13. The Petitioner was fully advised and fully aware of her right to a trial by a petit jury prior to orally and in writing pleading guilty, and she knowingly, intelligently, and with the benefit of assistance of counsel, waived her right to a jury trial. Further, the Petitioner, having previously been convicted by a petit jury for committing felony crimes in Indictment No. 08-F-71-H as described hereinabove, was clearly aware of her right to a jury trial if she desired to have one as to Information No. 11-F-194-H.

14. Further, the Petitioner, in her signed Plea of Guilty, quoted hereinabove in Finding of Fact No. 12, knowingly, intelligently, and with the assistance of counsel waived her right to challenge any and all pretrial defects not pertaining to jurisdiction.

15. Clearly, the entirety of Ground Three (3) of the Petition is without merit.

12

16. The Court also notes that the Petitioner, in her letter to the Court requesting a reduction of her sentences, quoted hereinbefore, expressed remorse for committing the crime which resulted in the conviction and sentence in Information No. 11-F-194-H, which she is now challenging.

17. The Supreme Court of Appeals of West Virginia has held as follows regarding a Circuit Court's authority to deny a petition for writ of habeas corpus without conducting a hearing or appointing counsel:

> "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, Perdue v. Coiner, 156 W.Va. 467, 194 S.E.2d 657 (1973).

18. The entirety of the Petition is based upon mere allegations with no documentary evidence or other factual basis which would necessitate conducting a hearing or appointing counsel. Thus, under the hereinbefore quoted Coiner case and Rule 3(c), the Petitioner is entitled to no relief and her Petition should be denied.

19. The Court also notes that, even if the Court found merit in the Petitioner's claims, the Petitioner failed to specify her requested relief in the Petition as required by Rule 8(a) of the Rules of Civil Procedure.

13

20. The Court notes that the Petitioner's counsel in the aforementioned cases is one of the best criminal defense attorneys in Southern West Virginia.

Accordingly, it is ORDERED the Petition for Writ of Habeas Corpus be and the same is hereby DENIED.

It is further ORDERED that said civil action be and the same is hereby DISMISSED.

The Clerk shall, forthwith, mail an attested copy of this Order to Inmate Charmain T. Willis, Tygart Valley Regional Jail, 400 Abbey Road, Belington, West Virginia 26250 and Michael S. Villars, Warden Tygart Valley Regional Jail, 400 Abbey Road, Belington, West Virginia 26250.

ENTERED this 30th day of December, 2013.

JOHN W. HATCHER, JR.
CHIEF JUDGE

Att. Copies to
CTW
MJV 30-13
12
CJ