Velma Irene Mowery

*v.*

Russel Hitt, *et al.*

(No. 12978)

Submitted May 11, 1971.        Decided May 25, 1971.

*Louis G. Craig, Alice B. Vance,* for appellant.

*Gerald H. Brooks,* for Jimmy Louis Smith.

Calhoun, Judge:

This case, on appeal from a final judgment order entered on November 25, 1969, by the Circuit Court of Lewis County, involves a certain aspect of a civil action for

wrongful death instituted in that court by Velma Irene Mowery, in her own right and as administratrix of the estate of her deceased daughter, Connie Sue Mowery, against Russel Hitt, Jimmy Louis Smith, Clarence Edward Smith and Margaret Smith, as defendants.

The case was submitted for decision in this Court upon the record made in the trial court, upon the brief of counsel for the plaintiff and the brief of counsel for defendant Jimmy Louis Smith, the sole appellee, oral argument having been waived by agreement of counsel. In view of the fact that, pursuant to the provisions of Rule IV of the Rules of this Court, only a portion of the record has been printed, the fact that oral argument was waived and in view of the fact that the final judgment order does not state precisely the basis of or reasons for the judgment from which the plaintiff has been granted the appeal, the Court has deemed it wise and helpful, pursuant to the provisions of Section 10 of Rule IV of this Court, to consult the original record filed in the office of the clerk of this Court in order properly to present the facts which form the basis of the questions presented for decision.

The complaint alleges that, on August 14, 1967, in the City of Weston, Lewis County, West Virginia, Jimmy Louis Smith, an infant, negligently drove an automobile belonging to Russel Hitt in such a manner that the automobile left a city street and struck Connie Sue Mowery, who was then on a sidewalk, and that, as a consequence thereof, she sustained personal injuries which resulted in her death on that day.

The cause of action alleged against Jimmy Louis Smith is based on his negligence in the operation of the automobile.

The alleged liability of Russel Hitt is based upon allegations that Jimmy Louis Smith was operating the automobile as the agent of Hitt; that Hitt and the infant driver of the automobile, at the time of the accident, had "entered into and upon some certain joint adventure and enterprise," as a consequence of which the automobile was

driven by the infant defendant to the scene of the accident; that Jimmy Louis Smith "carelessly and negligently and without an operator's license" drove Hitt's automobile on the occasion in question; and that Hitt, "by and through his agent Jimmy Louis Smith who was driving negligently and illegally and without being licensed to operate a motor vehicle, contrary to the laws of the State of West Virginia, knowingly allowed his agent Jimmy Louis Smith to drive an automobile owned by him * * *."

The basis of liability of defendants Clarence Edward Smith and Margaret Smith is not clearly alleged, though the complaint alleges that they were parents of the infant driver. The question of the liability of the two parents is not involved on this appeal.

As to the claim asserted by the plaintiff in her own right, the complaint alleges that she, as the mother of the decedent, has sustained financial and pecuniary loss to the extent of $15,000 "in addition to the mental anguish, grief and sorrow."

The primary question presented for decision on this appeal is whether the trial court erred in dismissing the action as to Jimmy Louis Smith on the ground of a lack of proper service of process upon him.

Russel Hitt, the owner of the automobile, was personally served with process within Lewis County by the sheriff of that county. He filed an answer to the complaint by which he denied all allegations of negligence charged against him in the complaint. An order entered by the trial court on December 12, 1969, recites that, upon motion of counsel for the plaintiff, the civil action is ordered to proceed against Russel Hitt, notwithstanding the fact that, by a prior order, the action was dismissed by the trial court as to all other defendants. So far as the record discloses, the action is still pending as to defendant Russel Hitt.

On April 24, 1969, the wrongful death action was instituted by the filing of the complaint and the issuance of

process. At the same time, an affidavit of the plaintiff was filed in compliance with the requirements of R.C.P. 4(f) pertaining to personal service of process outside this state upon persons who are residents of this state. The affidavit states that, to the best of the affiant's information and belief, Jimmy Louis Smith and his parents were residents of the City of Weston, West Virginia. The return of service in relation to the three Smith defendants was made by a deputy sheriff of Lorain County, Ohio. An affidavit of the deputy sheriff states that service of a copy of the summons and complaint was made upon Jimmy Louis Smith within Lorain County "by leaving a true copy thereof at his usual place of residence with Margaret Smith, a member of his family over the age of 16 years, and by personally serving Margaret Smith, mother, as person having custody of Jimmy Louis Smith."

Counsel for the three Smith defendants filed a written motion to dismiss the action as to them on the ground that these defendants had not been properly and lawfully served with process. The written motion stated that the defendants were nonresidents of the State of West Virginia; and that the substituted service attempted upon Jimmy Louis Smith was incomplete, improper and void because the return of service was defective for various reasons enumerated in the written motion. Upon the motion of counsel for the plaintiff, the hearing upon the motion to dismiss which was scheduled to be held on May 23, 1969, was continued until June 2, 1969. No objection to the continuance was made by counsel for the defendants.

On May 30, 1969, an additional summons was issued and served upon the defendant, Jimmy Louis Smith, in the State of West Virginia. The return of service made by the deputy sheriff of Lewis County states the following: "Served the within summons and complaint on the within named Jimmy Louis Smith by delivering a copy of said summons and complaint to him in person in Lewis County, West Virginia, on the 30th day of May, 1969." The

summons was dated April 24, 1969, the date the original summons was issued. On the same date of the personal service upon Jimmy Louis Smith, a summons and a copy of the complaint were served upon Clarence Edward Smith, the father of Jimmy Louis Smith, within Lewis County by the sheriff of that county.

At the hearing held on June 2, 1969, counsel for the plaintiff apparently admitted that the original service of process upon Jimmy Louis Smith in the State of Ohio was defective and stated that counsel elected to rely upon the subsequent personal service of process in Lewis County, West Virginia. After the filing of certain affidavits, exhibits and memoranda of law, the circuit court took the motion to dismiss under advisement.

On July 8, 1969, a third summons was issued. That summons and a copy of the complaint were accepted on behalf of the defendant, Jimmy Louis Smith, by the State Auditor of West Virginia pursuant to the provisions of Code, 1931, 56-3-31, as amended, commonly referred to as the nonresident motorist statute.

The record does not disclose that any objection was made in relation to any summons other than the original one served by the deputy sheriff in Ohio. On November 25, 1969, the circuit court entered an order sustaining the motion to dismiss. The order concluded by stating that, as to the three Smith defendants, "the said action is stricken from the docket." It does not appear from the record that the circuit court considered the additional summonses or the validity of the service thereof in ordering that the three Smith defendants be dismissed and that the action be stricken from the docket as to them.

Though counsel for the plaintiff apparently concede that the original service of process by the deputy sheriff in Ohio was defective, they contend that the defective service of the original process was cured by the issuance and service of the additional process in the instances and by the methods previously stated in this opinion.

Counsel for defendant Jimmy Louis Smith maintains that the motion to dismiss was properly made; that, at the time the motion to dismiss was made and upon the return day of the motion, there was no other "purported process" in existence; and that, upon the motion to dismiss, the circuit court could consider only the attempted service of process in Ohio. We note in this connection that the personal service upon Jimmy Louis Smith and his father in Lewis County and the service through the state auditor were made while the motion to dismiss was pending and long before the trial court ruled upon the motion.

Counsel for the plaintiff contend that the trial court erred in dismissing the action as to Jimmy Louis Smith without having considered or ruled upon the question of the validity of the personal service of process within Lewis County and the service of process through the state auditor pursuant to the provisions of Code, 1931, 56-3-31, as amended. In this connection it is noted that the ruling of the trial court dealt only with the legality of service of process; that there is no contention that the process itself was void; and that there is no contention that the civil action was not legally commenced and pending when the trial court ruled upon the defendants' motion to dismiss. In support of their contention, counsel for the plaintiff by their brief have cited and relied upon various legal principles, some of which will be referred to hereafter in this opinion.

"A civil action is commenced by filing a complaint with the court and the issuance of a summons or the entry of an order of publication." R.C.P. 3. "Upon the filing of the complaint, the clerk shall forthwith issue a summons and deliver it for service to the sheriff or as otherwise directed by the plaintiff. Upon request of the plaintiff separate or additional summons shall issue against any defendant." R.C.P. 4(a). See also Code, 1931, 56-3-21. "Original, mesne, and final writs and process of every nature, and proofs of service and returns endorsed thereon, * * * and all other papers filed relating to such process, * * * are a part of the record of an action for all purposes." R.C.P. 4(h).

"Process issued after discontinuance of an action for invalid service of the original writ cannot serve as an alias, but may be considered as an original commencing a new suit." *Dunaway* v. *Lord,* 114 W.Va. 671, syl., 173 S.E. 568. See also *Keener* v. *Reynolds Transportation Company,* 134 W.Va. 712, 61 S.E.2d 629; *Vogler* v. *Ireland,* 122 W.Va. 477, 10 S.E.2d 792; *Hall* v. *The Ocean Accident & Guarantee Corporation, Ltd.,* 122 W.Va. 188, 9 S.E.2d 45; Code, 1931, 55-2-18; *Hiatt* v. *Tompkins,* 176 Va. 82, 10 S.E. 2d 489. In *Carter Coal Co.* v. *Bates,* 127 Va. 586, 105 S.E. 76, the court held that where the original process is valid, but the service or return is defective, it is sufficient to keep the action pending without any hiatus or discontinuance until the motion to quash is sustained, and a second process, issued after the return day, but before the quashing of the original process, is an alias process, and not an original writ commencing the action within the statute of limitations. See also *United States Blowpipe Co.* v. *Spencer,* 46 W.Va. 590, 33 S.E. 342.

We are of the opinion, and accordingly the Court holds, that the trial court erred, in the circumstances of this case, in dismissing the civil action as to Jimmy Louis Smith without having considered and decided the legal effect of the personal service of process within Lewis County and the service of process through the state auditor pursuant to the provisions of Code, 1931, 56-3-31, as amended. The validity of the service of process in these two instances was not considered or decided by the trial court and nothing contained in this opinion should be construed as an intimation of this Court's opinion of how these questions should have been decided by the trial court. In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which have not been decided by the court from which the case has been appealed. *Western Auto Supply Company* v. *Dillard,* 153 W.Va. 678, pt. 1 syl., 172 S.E.2d 388; *In Re: Tax Assessment of Real Estate of Morgan Hotel Corporation,* 151 W.Va. 357, pt. 4 syl., 151 S.E.2d 676; *Work* v. *Rogerson,* 149 W.Va. 493, pt. 11 syl., 142 S.E.2d 188.

For reasons stated in this opinion, the judgment of the Circuit Court of Lewis County is reversed and the case is remanded to that court with directions to reinstate the case upon the docket of that court as to defendant Jimmy Louis Smith for the purpose of considering as to him the legal effect of the personal service of process in Lewis County and the service of process through the state auditor previously referred to in this opinion and for the purpose of taking such further action in the case as may be necessary or proper.

*Reversed and remanded with directions.*