## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

October 20, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

**In Re: S.V. & H.V.**

**No. 15-0472** (Mineral County 14-JA-2 & 14-JA-3)

## MEMORANDUM DECISION

Petitioner Mother B.V., by counsel Agnieszka Collins, appeals the Circuit Court of Mineral County's January 28, 2015, order terminating her parental rights to S.V. and H.V. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Kelley A. Kuhn, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying her motion to dismiss the petition, transferring legal and physical custody of the children to the DHHR without a finding of abuse or neglect, ordering petitioner to relocate to a homeless shelter, and terminating her post-adjudicatory improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, the DHHR filed an abuse and neglect petition against petitioner and her husband, G.V., alleging aggravated circumstances based upon a prior involuntary termination of their parental rights to older children. Petitioner moved to dismiss this petition on allegations that it failed to allege abuse or neglect, but the circuit court denied this motion. The circuit court held a preliminary hearing in February of 2014, during which petitioner indicated that she would take the children to a shelter. Based upon this representation, the circuit court granted the family twenty-four hours to report to a shelter where the DHHR secured beds for the family. However, petitioner later refused to move into the shelter in favor of remaining in a hotel room, and the circuit court issued an order requiring the parents to allow the DHHR to transport them to the shelter. Upon arriving at the shelter, both parents tested positive for marijuana. After only one night in the shelter, the parents contacted the DHHR and asked that the children be placed in

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

foster care because they did not want to remain in the shelter. The DHHR arranged transportation from the shelter and placed the children in foster care.

In March of 2014, the DHHR filed an amended petition based upon the current issues of neglect caused by the parents' failure to provide the children with a safe home. The amended petition also included more information regarding the prior involuntary terminations of the parents' parental rights based on an inability to provide the children with suitable housing, lack of employment, and drug use. According to the amended petition, none of these conditions were remedied. As it related to the current children, the DHHR alleged that the parents had recently moved to West Virginia from Maryland. The petition further alleged that the parents left their child, S.V., in the care of G.V.'s father and step-mother. According to the DHHR, G.V.'s father is a convicted sex offender and his step-mother had her parental rights to her biological children terminated. Both parents also admitted that G.V.'s step-mother is "drunk from morning to night" and "yells at S.V. all of the time for absolutely nothing." Only after the DHHR expressed concerns about S.V. living in that home did petitioner and her husband bring the child to West Virginia. Upon further investigation, the DHHR learned that G.V.'s uncle, with whom the family was residing, was also a convicted sex offender. The DHHR cautioned petitioner that she was living in an inappropriate home and needed to move to assure the children's safety.

That same month, the circuit court held an adjudicatory hearing, during which petitioner stipulated to the prior involuntary termination of her parental rights and that she neglected the subject children by her failure to secure suitable housing and employment, and by her drug abuse. The circuit court then granted petitioner a six-month post-adjudicatory improvement period. Petitioner agreed to comply with the terms thereof, which included drug screens, obtaining gainful employment and suitable housing, and completing parenting and adult life skills classes.

In December of 2014, the circuit court held a hearing on the guardian's motion to terminate petitioner's improvement period. The circuit court heard evidence that petitioner refused to participate in a GED program designed to assist her in obtaining employment. Additionally, the circuit court heard evidence that petitioner rejected offers to help find employment and that she ultimately failed to obtain employment or housing. The circuit court then terminated petitioner's improvement period and set the matter for disposition. In January of 2015, the circuit court held a dispositional hearing and found there was no reasonable likelihood that petitioner could substantially correct the issues of abuse or neglect in the near future and terminated her parental rights. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court denying petitioner's motion to dismiss, removing the children from petitioner's care, ordering petitioner to check into a homeless shelter, or terminating her post-adjudicatory improvement period.

First, there is simply no merit to petitioner's argument that the circuit court erred in denying her motion to dismiss the initial petition. Petitioner asserts that the petition lacked any facts that would constitute abuse or neglect, but this argument ignores both the statutes governing circumstances when a petition is required and the specific facts of the case. Petitioner does not dispute that her parental rights to older children were involuntarily terminated in previous proceedings. Pursuant to West Virginia Code § 49-6-5b(a)(3), the DHHR is required to "file or join in a petition . . . in any pending proceeding to terminate parental rights . . . [i]f a court has determined the . . . parental rights of the parent to a sibling have been terminated involuntarily." As such, it is clear that the DHHR had a statutory duty to file the initial petition in this matter.

Further, the DHHR's allegation that petitioner's parental rights to older children were previously involuntarily terminated is sufficient to constitute an allegation of present conditions of abuse or neglect in accordance with West Virginia Code § 49-6-1(a). We have previously held that

[w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ 49–6–1 to –12 (1998). Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49–6–5b(a) (1998) is present.

*In re Kyiah P.*, 213 W.Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999)). It is clear that when the DHHR alleges that a parent's parental rights have previously been involuntarily terminated, such an allegation is sufficient to allege present abuse or neglect to subsequently-born children, thus necessitating a new adjudicatory hearing wherein the DHHR is required to establish that the prior conditions of abuse and neglect have not been corrected or that newer conditions of abuse or

neglect exist. For these reasons, the circuit court did not err in denying petitioner's motion to dismiss the amended petition.

As to petitioner's argument that the circuit court erred in failing to dismiss the amended petition because it was not verified as required by West Virginia Code § 49-6-1(a), the Court declines to address this issue on appeal. The circuit court entered its order denying petitioner's motion to dismiss on March 4, 2014. The DHHR did not move the circuit court to allow the petition's amendment until March 5, 2014. Because petitioner's motion to dismiss was fully resolved prior to the amended petition's filing, petitioner did not argue that a lack of verification necessitated dismissal. The record is further clear that petitioner never later raised this issue below. This Court has often held that it will not consider issues raised for the first time on appeal. *See In re Michael Ray T.*, 206 W.Va. 434, 444, 525 S.E.2d 315, 325 (1999) (stating that "a constant refrain of this Court is that we will not consider, for the first time on appeal, a matter that has not been determined by the lower court from which the appeal has been taken."); *see also* Syl. Pt. 1, *Mowery v. Hitt*, 155 W.Va. 103, 181 S.E.2d 334 (1971) (holding that "this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken."). More importantly, the record is clear that petitioner later stipulated to allegations in the amended petition, further reinforcing the fact that petitioner is entitled to no relief in this regard.

Petitioner's second assignment of error is also without merit. Specifically, petitioner argues that the circuit court erred in transferring legal and physical custody of the children to the DHHR without making a finding of abuse or neglect. This argument again misstates the applicable law governing imminent danger. Pursuant to West Virginia Code § 49-6-3(a)(1) and (2), when a petition is filed

> the court may order that the child alleged to be an abused or neglected child be delivered . . . into the custody of the [DHHR] . . . if it finds that . . . [t]here exists imminent danger to the physical well being of the child; and . . . [t]here are no reasonably available alternatives to removal of the child . . . .

This Code section is clear that no finding of abuse or neglect is required to transfer custody and, in fact, plainly states that abuse or neglect would simply need be alleged at this stage as the circuit court would not yet have held an adjudicatory hearing. More importantly, West Virginia Code § 49-6-3(d)(3) specifically states that, in making such custody determinations, the DHHR is not required to make reasonable efforts to preserve the family if "[t]he parental rights of the parent to another child have been terminated involuntarily." As such, it is clear that the circuit court did not err in ordering that the DHHR have legal and physical custody of the children, and this is especially true in light of the fact that the record shows petitioner was initially granted placement of the children but later contacted the DHHR to voluntarily transfer them to foster care.

Next, the Court finds no merit to petitioner's argument that the circuit court erred in ordering that she leave a hotel room and move into a homeless shelter. In support of this argument, petitioner states that she deemed the shelter unsafe for her children. However, the Court does not find this argument compelling, given that the prior termination of petitioner's

parental rights to her older children was based, in part, on a failure to provide a safe and habitable home. Further, the amended petition in this matter additionally alleged that petitioner was unable to provide the subject children with safe and suitable housing by virtue of allowing both children to live with convicted sex offenders. Therefore, it is clear that petitioner had difficulty identifying an appropriate dwelling for the children and cannot rely on her own opinion about approved housing as justification for failing to follow the circuit court's orders. Further, petitioner argues that the DHHR failed to provide reasonable alternatives to the children's removal as required by West Virginia Code § 49-6-3(a)(2). However, this argument ignores the fact that the DHHR was not required to make reasonable efforts to preserve the family because of petitioner's prior involuntary termination of parental rights to older children as set forth in West Virginia Code § 49-6-3(d)(3) as addressed above. For these reasons, the Court finds no error in the circuit court directing petitioner to relocate to the shelter in question.

Finally, the Court finds no merit to petitioner's argument that the circuit court erred in terminating her improvement period upon a family case plan that was not sufficiently tailored to her needs as to constitute reasonable efforts to reunify the family. Again, petitioner's argument on this issue ignores the fact that, because of the prior involuntary termination of her parental rights to older children, the DHHR was not required to make efforts to reunify the family. In fact, pursuant to West Virginia Code § 49-6-5(a)(7)(C), the circuit court was entitled to proceed through disposition without such services being offered. Nonetheless, the DHHR offered services designed to reunify the family, including a psychological evaluation, life skills training, GED training, and assistance in seeking employment. Moreover, the record is clear that petitioner and her counsel participated in the multidisciplinary team meeting to develop the case plan and voiced no objection to the plan's adoption at the May 1, 2014, hearing.

Petitioner argues, however, that the results of her psychological evaluation were not provided until August of 2014, and that issues raised in the evaluation were not incorporated into the case plan. In essence, petitioner argues that she did not receive additional services, again ignoring the fact that the DHHR was not statutorily required to provide any services. Petitioner further ignores the fact that she failed to comply with the services that were offered, the results of the evaluation notwithstanding. We have previously held that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period before [it] has expired if the court is not satisfied that the defendant is making the necessary progress." Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993). The record here is clear that petitioner failed to make the necessary progress, as evidenced by her failure to follow through with GED classes, or make improvements in her housing or employment. For these reasons, the circuit court did not err in terminating her improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and its January 28, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II