# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **O.K.**

**No. 16-0610** (Jackson County 15-JA-127)

## MEMORANDUM DECISION

Petitioner Father J.L, by counsel Ryan M. Ruth, appeals the Circuit Court of Jackson County's May 18, 2016, order terminating his parental and custodial rights to then eight-year-old O.K.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem for the child ("guardian"), Erica Brannon Gunn, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in (1) denying his motion for a post-adjudicatory improvement period, and (2) failing to hold a separate dispositional hearing after denying his motion for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, the DHHR filed an abuse and neglect petition against multiple adult respondents related to the abuse and neglect of seven children, including O.K. As to petitioner, who is O.K.'s biological father, the DHHR alleged that he failed to protect O.K. from the physical and emotional abuse she suffered in her mother's home from her stepfather. The stepfather's abuse included threats to kill the children (including O.K.) whipping the children with boards, and picking O.K. up by her throat and slamming her against a wall when she lied about eating a piece of donut.

In December of 2015 and January of 2016, the circuit court held two adjudicatory hearings and a separate proceeding to take in camera testimony from the children. During those proceedings, there was testimony that petitioner had no contact with O.K. for approximately

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). We also note that multiple children were at issue below, but this appeal relates to O.K. only.

1

three years and had not financially supported her. During her in camera testimony, O.K. testified that she had not seen petitioner for a "long, long, long time." O.K. testified that she had seen petitioner the previous year, but she referred to her stepfather as "dad" because he was the only father figure she had known. The circuit court granted the DHHR leave to file an amended petition against petitioner based on the new allegations of abandonment. The DHHR amended its petition in January of 2016 to include allegations of petitioner's abandonment of O.K.

In February of 2016, the circuit court held an adjudicatory hearing on the DHHR's amended petition. At that hearing, the circuit court heard testimony from the child's mother that petitioner had not contacted O.K. in more than two years; that he failed to provide financial support for O.K.; and that, despite knowing how to contact O.K., he had not attempted to do so. Petitioner testified that he had last seen O.K. at a playground for a few minutes in the summer of 2015, as he passed by the playground. Petitioner admitted that he had a child support arrearage of approximately $20,000, but he claimed to have been paying $10 per month over the last few months. Further, petitioner admitted that he never got O.K. gifts for special occasions, never sent her cards, never provided her with school clothes, never had her spend the night at his home, had not requested visitation since she was approximately two years old, and had not sought to enforce visitation in family court since that time. Based on the evidence presented, the circuit court found that petitioner had neglected O.K. based on his abandonment of her. In the adjudication order, the circuit court scheduled the dispositional hearing, and it is undisputed that the circuit court's order was provided to petitioner by counsel.

Thereafter, petitioner filed a motion for a post-adjudicatory improvement period, and the DHHR filed a motion to terminate petitioner's parental rights to O.K. In April of 2016, the circuit court held a dispositional hearing. The circuit court summarized the issues under consideration as "a motion to reconsider [the denial of an improvement period], motion to terminate parental rights of . . . [petitioner], motion for improvement period for [petitioner]." At that time, the DHHR moved to withdraw its request to terminate petitioner's parental rights to O.K., and the DHHR worker testified that it could offer petitioner services if the circuit court granted an improvement period. The guardian objected to the DHHR's suggestion of an improvement period. Notwithstanding the DHHR's motion to withdraw its motion to terminate petitioner's parental rights, the circuit court moved forward with the dispositional hearing. Petitioner did not object or move to continue that hearing. In his testimony, petitioner stated that he had attempted to visit with O.K. in the past, but O.K.'s mother prevented him from doing so. However, petitioner admitted that he had not been a real father to O.K. in years. At the conclusion of the hearing, the circuit court directed the parties to submit proposed findings of fact and conclusions of law.

In May of 2016, the circuit court entered its order denying petitioner's motion for an improvement period and terminating his parental and custodial rights to O.K. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner raises two assignments of error: (1) denial of his motion for a post-adjudicatory improvement period, and (2) failing to hold a separate dispositional hearing after denying his motion for a post-adjudicatory improvement period. However, petitioner fails to cite any legal authority regarding improvement periods or dispositional hearings. In fact, with the exception of three sentences addressing this Court's general standard of review in abuse and neglect proceedings, petitioner cites no law at all in his brief to this Court. We have explained that Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, Chief Justice Menis E. Ketchum specifically noted that "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented . . . as required by rule 10(c)(7)" are not in compliance with this Court's rules.

We further note that the DHHR argues that petitioner failed to object below to preserve his second assignment of error regarding the dispositional hearing. We agree. We have held that "[o]ur cases consistently have demonstrated that, in general, the law ministers to the vigilant, not to those who sleep on their rights[.]" *State v. LaRock*, 196 W.Va. 294, 316, 470 S.E.2d 613, 635 (1996); *see also Mowery v. Hitt*, 155 W.Va. 103, 181 S.E.2d 334 (1971) (stating that "[i]n the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken."); *State v. Grimmer*, 162 W.Va. 588, 595, 251 S.E.2d 780, 785 (1979) (stating that "silence may operate as a waiver of objections to error and irregularities at the trial which, if seasonably made and presented, might have been regarded as prejudicial."); *Wimer v. Hinkle*, 180 W.Va. 660, 663, 379 S.E.2d 383, 386 (1989) (explaining that the raise or waive rule is designed "to prevent a party from obtaining an unfair advantage by failing to give the trial court an opportunity to rule on the

objection and thereby correct potential error."). For the reasons explained herein, we find that neither of petitioner's two assignments of error, as briefed, comply with our rules. Moreover, petitioner failed to preserve his second assignment of error for appellate review. As such, we decline to address petitioner's assignments of error.

Therefore, we find no error in the circuit court's May 18, 2016, order, and that order is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4