IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

December 6, 2024

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

JIMMY LIPSCOMB,
**Respondent Below, Petitioner**

**v.) No. 24-ICA-54**   (Fam. Ct. Monongalia Cnty. Case No. 09-D-300)

PAMELA HAGEDORN,
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jimmy Lipscomb ("Husband") appeals the Family Court of Monongalia County's January 10, 2024, order denying his request to modify spousal support. Respondent Pamela Hagedorn ("Wife") filed a response that included two cross-assignments of error.[1] Mr. Lipscomb filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on July 21, 1984, and separated on May 2, 2009. Three children were born of the marriage and are now adults. The final divorce order was entered on March 29, 2010. The divorce order incorporated the parties' "Voluntary Separation and Property Settlement Agreement" ("Agreement") which was entered into on March 18, 2010. Paragraph 5 of the Agreement addressed spousal support and stated:

> Husband agrees to pay Wife permanent spousal support in the amount of One Thousand One Hundred Sixty-Four Dollars and Sixty-Seven ($1,164.67) per month commencing on April 1, 2010, which alimony shall continue in the same amount to be paid monthly. Said alimony shall [be] terminated immediately upon the death of either party, upon the remarriage of Wife, or upon the existence of a de facto marriage pursuant to W. Va. Code § 48-5-707 by Wife. Said alimony shall be paid directly from Husband to Wife.
>
> Paragraph 4(G) of the Agreement stated that Wife was awarded the marital home and was to be responsible for the mortgage. The mortgage was in Husband's name and the

---

[1] Husband is represented by Alyson A. Dotson, Esq., and Michelle L. Bechtel, Esq. Wife is represented by John R. Angotti, Esq.

1

Agreement recognized that Wife would possibly have difficulty getting it refinanced. Therefore, the parties agreed that Husband could deduct the $564.67 mortgage payment from the monthly spousal support amount, make the mortgage payment himself, and pay Wife the remaining $600.00 per month. Per the terms of the mortgage, the final payment was due in October of 2022. However, Husband made extra payments that resulted in it being paid off in July of 2020. Even though the mortgage was paid off in July of 2020, Husband continued to pay Wife only $600 per month through September 2023 instead of the full amount of $1,164.67. Wife filed a petition for contempt in August of 2023 for Husband's failure to pay the full amount. Husband began paying the full amount in October of 2023 and filed an answer and counter-petition to terminate spousal support, arguing that he had retired and only worked part-time, which resulted in less income.

On January 10, 2024, the parties appeared for a hearing on Wife's petition and Husband's counter-petition. At the hearing, Wife made a general request of $5,054.06 for attorney's fees and $54.06 for court costs.[2] Husband testified that his monthly income was $3,690 after retirement and that he worked part-time, making approximately $16,000 to $17,000 per year at fifty-nine years old. Wife testified that she was employed at West Virginia University and earned $3,078 per month at sixty years old. Husband argued that pursuant to West Virginia Code § 48-6-201(b) (2001),[3] there is a presumption that his spousal support obligation was modifiable. He further argued that neither the divorce order nor the Agreement addressed the issue of whether spousal support could be modified.

Paragraph 13 of the Agreement addressed modification and waiver and stated the following:

> Neither this Agreement nor any provision hereof shall be amended or modified or deemed amended or modified except by an Agreement in writing duly subscribed and acknowledged with the same formality as this Agreement. Any waiver by either party of any provision of this Agreement or any right or option hereunder shall not be controlling, nor shall it prevent

---

[2] Wife did not cite the Agreement as a basis for an award of attorney's fees and court costs.

[3] West Virginia Code § 48-6-201(b) states:

> Any award of periodic payments of spousal support shall be deemed to be judicially decreed and subject to subsequent modification unless there is some explicit, well expressed, clear, plain and unambiguous provision to the contrary set forth in the court-approved separation agreement or the order granting the divorce. Child support shall, under all circumstances, always be subject to continuing judicial modification.

or stop such party from thereafter enforcing such provision, right, or option, and the failure of either party to insist in any one or more instances upon the strict performance of any of the terms or provisions of this Agreement by the other party shall not be construed as a waiver or relinquishment for the future of any such term or provision, but the same shall continue in full force and effort.

The final order was entered on January 10, 2024, and held the following: (1) the parties agreed that Husband would pay Wife $14,891.14 for past due spousal support for the dates ranging from July 1, 2020, through September 30, 2023; (2) Husband had thirty days to satisfy the judgment; (3) Wife's request for attorney's fees was denied; (4) pursuant to paragraph 13 of the Agreement, spousal support was not modifiable; and (5) Husband's petition for modification was denied. It is from the January 10, 2024, order that Husband now appeals, and from which Wife raises two cross-assignments of error.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband raises one assignment of error. He asserts that the family court erroneously denied his petition to modify spousal support on the ground that the parties' Agreement included explicit, well expressed, clear, plain, unambiguous language prohibiting modification and, in essence, rendering West Virginia Code § 48-6-201(b) inapplicable. We disagree. The language contained in West Virginia Code § 48-6-201(b) provides that spousal support is modifiable unless parties have a clear agreement that was approved by the family court. Here, the parties' Agreement was adopted by the family court and included the following language, "[n]either this Agreement nor any provision hereof shall be amended or modified or deemed amended or modified except by an Agreement in writing . . . ." Neither party produced a writing showing they agreed to modify spousal support. Therefore, the family court was correct in holding that spousal support was not modifiable pursuant to the parties' Agreement.

In her response brief, Wife included two cross-assignments of error. First, she contends that the family court erroneously failed to award her $5,054.06 in attorney's fees and $54.06 for court costs. We disagree. Upon review of the hearing below, Wife made a

general request for attorney's fees and court costs but failed to argue that she was entitled to said reimbursement under the Agreement, as she argues on appeal. Because Wife failed to seek attorney's fees or court costs pursuant to the parties' Agreement below, she is not entitled to seek them on that basis on appeal. Appellate courts will not decide nonjurisdictional questions raised for the first time on appeal. *See*, *e.g.*, Syl. Pt. 1, *Mowery v. Hitt*, 155 W. Va. 103, 181 S.E.2d 334 (1971). Regarding an award for attorney's fees outside of the Agreement, we are guided by the following:

> In divorce actions, an award of attorney's fees rests initially within the sound discretion of the family law master and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family law master should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

Syl. Pt. 4, *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996). During the hearing below, the family court found the following: (1) Husband's arguments were not frivolous or made in bad faith; (2) Wife allowed more than two years to pass before pursuing her spousal support claim; (3) Wife did not attempt to resolve the matter outside of court; (4) Husband's attorney's fees are likely comparable to that of Wife; and (5) the court typically has parties bear their own costs when neither party acted in bad faith, as in the case at bar. The family court's order included thorough analysis regarding its decision not to award Wife attorney's fees. Therefore, in accordance with *Banker*, we cannot find that the family court abused its discretion on this issue.

In Wife's second assignment of error, she argues that the family court erred when it failed to award her interest for all missed spousal support payments, which is in direct contravention to West Virginia Code § 48-1-304(d).[4] We disagree. While this Code section

---

[4] West Virginia Code § 48-1-304(d) (2001) states the following:

Regardless of whether the court or jury finds the defendant to be in contempt, if the court shall find that a party is in arrears in the payment of alimony, child support or separate maintenance ordered to be paid under the provisions of this chapter, the court shall enter judgment for such arrearage and award interest on such arrearage from the due date of each unpaid installment. Following any hearing wherein the court finds that a party is in arrears in the payment of alimony, child support or separate maintenance, the court may, if sufficient assets exist, require security to ensure the timely payment of future installments.

4

calls for interest to be added to past due spousal support under normal circumstances, it would be inappropriate to include interest here because the parties reached a settlement agreement in court which did not include a provision for interest. The final order states the following in Paragraph 3(c):

> At the time of the final hearing, after much discussion between the Court and the parties, the parties agreed that the wife would be entitled to a judgment against the husband in the amount of $14,891.14 in satisfaction of her claim for back spousal support from July 1, 2020[,] through September 30, 2023. As such, that issue has been resolved by agreement of the parties.

To order that interest must be added on appeal would effectively change the agreement presented to the family court. Therefore, we affirm the family court's decision on this issue.

Accordingly, as to the family court's order entered on January 10, 2024, we affirm the family court's decision on Husband's assignment of error, as well as Wife's cross-assignments of error.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear