IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CYNTHIA WHITE,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-319**          (Fam. Ct. Fayette Cnty. Case No. FC-10-2013-D-202)

**MARK WHITE,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cynthia White ("Wife") appeals the Family Court of Fayette County's July 17, 2024, final order denying her two petitions for contempt regarding Respondent Mark White's ("Husband") alleged failure to provide complete federal income tax disclosures as previously ordered. Husband responded in support of the family court's decision.[1] Wife did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By way of background, the parties separated in 2012 and divorced in 2013. Per the divorce decree, Husband was ordered to pay Wife $3,000 per month in spousal support. In 2020, Husband retired at age 64 due to the COVID-19 pandemic and sought a modification of the spousal support order. By agreed order entered on June 22, 2021, Husband agreed to pay Wife a total of $100,000 in two $50,000 lump sums in exchange for the termination of his monthly payments. Additionally, Husband agreed to pay Wife 10% of his total gross income through the year 2026 if he earned over $100,000 in a given year. To keep track of his earned income, Husband was ordered to "submit a copy of his filed income tax return to [Wife] on or before April 15th each year up to and including the year 2026." The order specified that earned income did not include social security, investments, annuities, interest, spouse's income, rental income, or other like sources.

Events leading to this appeal began on June 8, 2022, when Wife filed a petition for contempt alleging that Husband failed to provide his 2021 federal income tax return to her as previously ordered. After the contempt petition was filed, Husband sent Wife written

---

[1] Both parties are self-represented.

correspondence informing her that he had forgotten to send the tax return and stated that he would send her a redacted copy of the return because the joint return included information regarding his new wife's income. On September 21, 2022, a contempt hearing on Wife's petition was held. The final order for that hearing was entered on September 27, 2022, and held that Husband failed to comply with the obligations under their June 2021 agreed order. Husband was held in contempt for the failure to provide to Wife his complete 2021 federal income tax return as filed and was given the opportunity to purge the contempt by providing Wife an unredacted copy of his 2021 federal income taxes within thirty days following the entry of the court's order. Rather than providing the tax returns as ordered by the family court, Husband appealed the September 27, 2022, final order to this Court. A memorandum decision affirming the family court's decision was issued on May 22, 2023, after oral argument. *See White v. White*, No. 22-ICA-177, 2023 WL 3579066 (W. Va. Ct. App. May 22, 2023) (memorandum decision).

On June 7, 2023, Wife filed another petition for contempt alleging that Husband never purged himself of the first contempt related to his 2021 federal tax return and failed to provide his 2022 federal tax returns. Husband filed a petition for modification on June 12, 2023, requesting relief from his obligation to provide his complete tax return. In his petition, Husband requested that he be permitted to provide Wife with the front page of his 1040 along with W-2s or 1099s. A hearing on both petitions was held on January 25, 2024. At that hearing, Husband's new wife testified that she did not want her financial information to be disclosed to Wife. Also at that hearing, Husband's accountants testified that the most accurate way for Wife to learn of Husband's true earned income is to see the full return. By order entered on February 12, 2024, the family court denied Husband's petition for modification but allowed Husband to redact his new wife's personal identifying information. Wife's petition for contempt was granted and Husband was given a second chance to purge his contempt by providing Wife with his 2021 and 2022 tax returns no later than 30 days after the entry of the order. Husband then provided Wife his 2021 and 2022 tax returns but failed to include any additional statements or worksheets.

Wife filed her third and fourth petitions for contempt on March 12, 2024, and May 10, 2024, respectively, alleging that the 2021 and 2022 tax returns were not provided, as ordered by the court, and that Husband also failed to provide his 2023 return along with the attached statements and/or worksheets. A hearing was held on both of Wife's petitions on July 17, 2024. At the hearing, Husband admitted that he did not provide the statements to Wife because those statements were not actually filed with his returns. Husband argued that, under the order, he is only required to provide a copy of his "filed" returns to Wife. During the hearing, the parties agreed to allow the judge to engage in general internet research to see if statements and/or worksheets were electronically filed along with tax returns. The judge determined that, according to his research, statements and/or worksheets were *not* filed along with tax returns. The family court denied Wife's petitions for contempt and found "there has never been any evidence presented to show [that Husband] has

attempted to defraud [Wife] by hiding earned income[.] . . ." The final order was entered on July 17, 2024, and is the order which Wife now appeals.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Wife raises four assignments of error. Several assignments of error are closely related, which we will consolidate. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

In her first, second, and third assignments of error, Wife asserts that the family court's order failed to incorporate certain evidence, including testimony showing that Husband intentionally left out parts of his tax returns and included references to past hearings and rhetoric that favored Husband but mentioned nothing that would discredit him. We disagree. West Virginia Code § 51-2A-10(a) (2001) states as follows:

Any party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

Here, Wife alleges that the final order failed to include certain evidence and testimony and instead included "rhetoric." Wife is essentially asking this Court to reweigh evidence. Because it is not this Court's role to reweigh evidence, Wife's proper course of action was to file a motion for reconsideration, as she appears to allege that the final order includes mistakes and/or clerical errors. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). *See also In re Tiffany Marie S.*, 196 W. Va. 223, 231, 470 S.E.2d 177, 185 (1996) (A reviewing court

may not overturn a family court's finding simply because it would have decided the case differently). Moreover, "the family court's enforcement of [its orders] is within the sound discretion of the family court." *James W. v. Ciara R.*, Nos. 23-ICA-237, 23-ICA-238, 23-ICA-239, 2024 WL 1740353 (W. Va. Ct. App. April 22, 2024 (memorandum decision). Here, the family court was within its discretion to find that Husband was not in contempt for failing to provide Wife with his statements and worksheets. Therefore, we cannot conclude that the family court abused its discretion by denying Wife's petition for contempt or for how it prepared the final order.

In her fourth assignment of error, Wife contends that the family court judge erroneously conducted online research regarding whether tax statements and/or worksheets must be filed with the required tax documents. On this issue, she argues that the family court's decision was impermissibly influenced by this research and that it stopped researching once it found information that favored Husband. We disagree. Our review of the hearing demonstrates that Wife agreed to allow the family court to research the issue. Because Wife failed to object below, this issue was waived on appeal. Appellate courts will not decide nonjurisdictional questions raised for the first time on appeal. *See*, *e.g.*, Syl. Pt. 1, *Mowery v. Hitt*, 155 W. Va. 103, 181 S.E.2d 334 (1971).

Accordingly, we affirm the family court's July 17, 2024, order.

Affirmed.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear