IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**STANLEY L.,[1]**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-334**       (Fam. Ct. Wayne Cnty. Case No. FC-50-2019-D-44)

**ALEXANDRA C.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stanley L.[1] ("Father") appeals the Family Court of Wayne County's July 23, 2024, order suspending his parenting time due to allegations of sexual abuse. Both the Respondent Alexandra C. ("Mother") and the guardian ad litem ("GAL") filed summary responses in support of the family court's decision.[2] Father did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Stanley L. and Alexandra C. were married on August 6, 2016, and divorced by order entered in March of 2019. One child was born of the marriage, namely, B.L. ("Child"), born in 2017. In the parties' original parenting plan, Father exercised three overnights every two weeks due to residing out-of-state in Virginia.

Events leading to this appeal began on or about July 21, 2021, when Mother filed for a domestic violence protection order against Father on Child's behalf. In her petition. Mother alleged that Child disclosed acts of sexual abuse by Father. On the same day, Child submitted to a forensic interview at the Child Advocacy Center at Cabell Huntington

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by Tim C. Carrico, Esq. Mother is represented by Jennifer Ransbottom Compton, Esq. The GAL is D. Scott Bellomy, Esq.

Hospital,[3] where she disclosed the abuse again. On July 26, 2021, Mother filed a petition for modification of custody in family court, wherein she alleged inappropriate acts of sexual abuse by Father on more than one occasion, Child's disclosures of said allegations, multiple allegations of physical neglect, and that Child begged not to visit with Father.

A hearing on Mother's petition for modification and domestic violence petition was held on August 12, 2021. At that hearing, the parties agreed to dismiss the domestic violence petition, and the family court suspended all parenting time between Father and Child, by order entered on August 19, 2021. Thereafter, family court appointed a GAL for Child by order entered September 1, 2021.[4]

Shortly thereafter, a case was opened against Father by the Botetourt County, Virginia, Department of Social Services ("BCDSS"). On August 21, 2021, Child was referred by her pediatrician to Sherry Hoffman for therapy.[5] On September 9, 2021, Father was interviewed by both the BCDSS and the Virginia State Police. By letter to Father dated September 14, 2021, the BCDSS determined that the complaint was "unfounded."

The next family court hearing took place on September 17, 2021. At that hearing, the GAL recommended that Father's parenting time remain suspended, and the family court adopted her recommendation. On or about October 10, 2021, Sherry Hoffman made a referral to the BCDSS. By letter dated December 2, 2021, the BCDSS determined that the claim was "unfounded." Mother filed an appeal with the BCDSS requesting further investigation, and the BCDSS complied.[6]

A final hearing was scheduled for December 10, 2021, but was continued. Before the final hearing took place, the parties reached an agreement that Father's parenting time would remain suspended until such time as he petitioned the family court to reinitiate custody proceedings. The agreed final order was entered on January 11, 2022.

On March 8, 2022, Sherry Hoffman filed a second report with the BCDSS. On April 14, 2022, a second forensic interview took place at Hope's Place in Ashland, Kentucky.

---

[3] The interview was conducted by Angela Seay.

[4] Hon. Sarah Dixon was first appointed as Child's GAL, but due to being elected as a family court judge, D. Scott Bellomy, Esq., was appointed in her place.

[5] Ms. Hoffman has a master's degree in counseling and rehabilitation. She treated Child from September 2021 through June 2023 utilizing play therapy.

[6] Mother wanted the case investigated further because Father allegedly had a relationship with BCDSS employees. Mother submitted evidence from social media to support her claim.

2

During that interview, Child again disclosed sexual abuse as well as alleged threats of harm made by Father if she disclosed the acts of abuse to anyone. On May 11, 2022, after the BCDSS appeal process was completed, the State of Virginia concluded its investigation and determined that the July 2021 interview of Child "yielded no useful information upon which a finding of abuse could be made."

On July 6, 2022, Father filed a petition for modification of custody. In support of his petition, Father stated that he was no longer being investigated by the BCDSS and that all allegations were ruled unfounded, as stated in the agency's June 13, 2022, letter. Mother filed a motion to reappoint the GAL, as well as an answer. In her answer, Mother alleged that Father had failed to pay child support for six months, the BCDSS investigation in Virginia was completed by people with whom Father had a conflict of interest, and that Child disclosed sexual abuse by Father in two forensic interviews and with her play therapist, Sherry Hoffman. The GAL was reappointed on July 8, 2022, followed by months of discovery.

The first half of the final hearing took place on April 26, 2024.[7] The final hearing concluded on June 5, 2024. At that hearing, Mother testified to everything in her petition.

---

[7] At the April 26, 2024, hearing, the following testimony was presented:

The GAL testified about Child's forensic interviews as well as the information she gleaned from people she interviewed as part of her own investigation. Angela Seay, the coordinator for the Child Advocacy Center who was the first person to interview Child, testified to the details surrounding Child's disclosure to her. Sherry Hoffman, Child's play therapist, then testified that Child disclosed the same events to her and that there was no indication she was coached.

David Clayman, Ph.D., a clinical psychologist called by Father as an expert witness, testified that there was not enough evidence to conclude that Father sexually abused Child due to Child's young age, but also stated that neither of the child's interviews were so lacking that they should be disqualified.

Marc Lindberg, Ph.D., an expert in developmental learning, memory, and cognition, was called as an expert witness for Mother to rebut Dr. David Clayman's testimony. He testified that the CAC interview with Angela Seay was one of the best he had seen and there was no indication that Child had been coached. However, he testified that the second interview with Hope's Place was very inconsistent and unreliable.

Vicki Francois, Esq., opined as an expert witness who had been licensed as a GAL for over twenty years, that the Commonwealth of Virginia failed in this case.

3

She also testified that the Virginia BCDSS case workers were personal friends of Father because they both have connections to Father's employer. Child's paternal grandmother presented rebuttal evidence regarding the allegations against Father of physical neglect. Father also testified, denying all allegations.

At the conclusion of the final hearing, the GAL gave her report and recommendations. She stated that Child's disclosures were consistent, Child had a traumatic fear of Father, and she recommended no contact between Child and Father. The family court made the following findings of fact:

- Sherry Hoffman's testimony was credible;
- A substantial change of circumstances had taken place;
- By a preponderance of the evidence, Father sexually abused Child, as defined by West Virginia Code § 61-8B-1 and 61-8D-1;
- The 50-50 presumption was rebutted under West Virginia Code § 48-9-209(b)(1)(C); and
- It was in Child's best interest for Mother to have sole custody and decision-making authority.

The family court adopted the GAL's recommendations and ordered no contact between Father and Child. The final order was entered on July 23, 2024. It is from that order Father now appeals.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises two assignments of error. First, he asserts that the family court's finding that Mother proved by a preponderance of the evidence that he sexually abused Child is clearly erroneous. In support of his argument, Father states that the Virginia Department of Social Services determined that Child's disclosures of sexual abuse were "unfounded," and that there were no findings by a medical doctor, psychiatrist, or psychologist, that Child was sexually abused. Mother, in response, argues that Child's

4

disclosures were consistent, and that the record below contains substantial evidence of sexual abuse.

As to Father's first assignment of error, we conclude that his argument lacks merit. The preponderance of the evidence is defined as "that degree of evidence that is of greater weight or more convincing than the evidence which is offered in opposition." *See Frazier v. Gaither*, 248 W. Va. 420, 425-26, 888 S.E.2d 920, 925-26 (2023). In the case at bar, the record reflects that Child consistently disclosed detailed acts of sexual abuse to Mother, during two separate forensic interviews, and to her play therapist. The GAL opined that the evidence presented was more than substantial to support a finding of sexual abuse by a preponderance of the evidence. Further, when entering a parenting plan order, the family court must consider whether a parent "[h]as sexually assaulted or sexually abused a child," pursuant to West Virginia Code § 48-9-209[a](1)-(2) (2024). Here, after hearing testimony from multiple witnesses, reviewing exhibits that reflected the alleged abuse, and hearing the GAL's recommendation, the family court's finding that Father sexually abused Child, Father's arguments fail to establish that the family court's finding is erroneous or an abuse of discretion. The Supreme Court of Appeals has consistently held that the best interest of the child is the polar star by which all matters affecting children must be guided. *Galloway v. Galloway*, 224 W. Va. 272, 275, 685 S.E.2d 245, 248 (2009) (citations omitted). Thus, we find that the family court's decision that it was in the child's best interest to order no contact between Father and Child is not erroneous or an abuse of discretion and is consistent with West Virginia Code § 48-9-209(b)(1)(C) and (b)(10).

As his second assignment of error, Father contends that the family court abused its discretion by allowing Mother's expert witness, Dr. Lindberg, to testify regarding opinions as to an expert witness disclosure that did not comport with Rule 26(b)(4)(A)(i) of the West Virginia Rules of Civil Procedure.[8] In support of his argument, Father argues that, during

---

[8] In general, discovery provisions of the West Virginia Rules of Civil Procedure do not automatically apply to family court proceedings and are invoked at the discretion of the family court. Rule 12 of the West Virginia Rules of Practice and Procedure for Family Court provides: "As the interest of justice requires, discovery pursuant to Rules 26 through 37 of the Rules of Civil Procedure may be ordered by the court at any time, or may be allowed by the court upon motion demonstrating a particular need."

Rule 26(b)(4)(A)(i) of the West Virginia Rules of Civil Procedure states the following:

A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and summary of the grounds for each opinion.

discovery, Mother timely disclosed Dr. Lindberg along with his resume, but she failed to produce a report or summary of his opinions and basis in support. Mother's counsel informed Father's counsel that Dr. Lindberg had not prepared a report due to a medical condition. Instead, Mother sent Father's counsel an email stating that Dr. Lindberg would be testifying regarding any discrepancies found in Dr. Clayman's testimony.

Upon our review of the record, we conclude that Father's second assignment of error lacks merit. When Father's counsel raised his objection during the hearing, the family court addressed the objection by stating it would allow plenty of leeway regarding any objections to Dr. Lindberg's testimony. Thereafter, Father did not object to any of Dr. Lindberg's testimony. As this Court has held previously, "[a]ppellate courts will not decide nonjurisdictional questions raised for the first time on appeal." *Hecker v. McIntire*, No. 22-ICA-15, 2023 WL 152889, at *3 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision) (citing Syl. Pt. 1, *Mowery v. Hitt*, 155 W. Va. 103, 181 S.E.2d 334 (1971)). Even if the family court erred by allowing Dr. Lindberg's testimony without providing a report beforehand, it amounted to harmless error, as the evidence weighed in favor of Mother, with or without Dr. Lindberg's testimony. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error).

Accordingly, based on the foregoing, we affirm the family court's July 23, 2024, order granting Mother sole custody and decision-making authority.

Affirmed.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White