# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**RICHARD HEATH,**
**Claimant Below, Petitioner**

**FILED**
**November 15, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-17        (JCN: 2016011244)**

**ALLIANCE COAL LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard Heath appeals the July 13, 2022, order of the West Virginia Workers' Compensation Board of Review ("Board"). Respondent Alliance Coal LLC filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the claim administrator's decision denying him authorization for a referral to a medical professional.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Petitioner was employed as a coal miner for respondent when, in October 2015, he sustained an injury to his left leg and ankle after he was pinned between a rail car and a mine wall. Petitioner presented to the emergency room and was diagnosed with a left ankle fracture, for which he later underwent surgeries. The claim administrator held the claim compensable for fracture of the lower end of the left tibia in November 2015, and added (1) displaced pilon fracture of the left tibia, (2) posttraumatic osteoarthritis of the left ankle, and (3) tarsal tunnel syndrome of the lower left limb as compensable diagnoses in the claim in January 2017. However, in the January 2017 order, the claim administrator denied chronic regional pain syndrome ("CRPS") as a compensable condition of the claim. Petitioner protested that order.

In March 2017, petitioner underwent an Independent Medical Evaluation ("IME") performed by Bruce Guberman, M.D. Dr. Guberman opined that petitioner had CRPS. Relevant to this appeal, for the first time during his treatment, petitioner complained of

---

[1] Petitioner is represented by M. Jane Glauser, Esq. Respondent is represented by James W. Heslep, Esq.

1

issues related to his left great toe. Dr. Guberman noted that the left great toenail was discolored and separated from the nailbed but made no diagnosis related to the toe.

In September 2017, the Office of Judges reversed the claim administrator's order denying CRPS as a compensable diagnosis and ordered that it be added as a compensable diagnosis in the claim.

Petitioner underwent an IME performed by Christopher Martin, M.D., in November 2017. In his report, Dr. Martin noted that petitioner claimed his left great toe had turned black approximately one year after the compensable injury without any reinjury. Dr. Martin did not make any diagnosis related to the toe. Subsequently, in September 2018, petitioner presented to the emergency room with complaints of pain and throbbing in his left great toe, which he attributed to his work-related injury. The treating physician on call diagnosed petitioner with an infection and prescribed him antibiotics. The emergency room submitted an invoice to the claim administrator, which was denied on the basis that petitioner's left great toe infection was not related to any compensable condition.

At the request of respondent, in December 2018, Dr. Martin authored a medical opinion as to whether petitioner's left great toe infection was related to the work-related injury. Dr. Martin opined that the infection was not related, noting that when he originally evaluated petitioner in November 2017, petitioner had reported that the onset of symptoms related to his toe had begun approximately one year after the work-related injury. Dr. Martin further noted that there had been no sign of infection at the time of that evaluation. Dr. Martin concluded that the left great toe infection was not related to the work-related injury due to the amount of time that had passed between the work-related injury and the onset of symptoms related to petitioner's toe. Dr. Martin further concluded that the infection was not a complication of the swelling resulting from petitioner's work-related injury because such a scenario was unlikely and an infection under a toenail was an unusual site to experience such a complication.

Later in December 2018, petitioner was evaluated by Adam Tune, M.D., for left lower extremity pain. Dr. Tune requested authorization for petitioner to be evaluated by a podiatrist for his left great toe and scheduled an appointment for petitioner with Danny Fijalkowski, D.P.M. A few days later, petitioner was evaluated by Dr. Fijalkowski, whose assessment was onychomycosis of the left great toenail, and he recommended a non-invasive vascular study for petitioner. Based on Dr. Fijalkowski's recommendation, Dr. Tune requested approval from the claim administrator for non-invasive vascular studies. The claim administrator denied Dr. Tune's request for a referral to a podiatrist and also denied the request from Dr. Tune for authorization of a non-invasive vascular study based upon Dr. Martin's medical report, the fact that onychomycosis was not a compensable condition, and the fact that Dr. Fijalkowski was not an authorized treating physician. Petitioner protested the orders.

By order entered on May 8, 2019, the Office of Judges affirmed the claim administrator's orders denying Dr. Tune's request for a referral to a podiatrist and the requests for non-invasive vascular studies. Petitioner appealed the Office of Judges order to the Board, which reversed the order insofar as the vascular study was concerned. Respondent appealed the Board's order to the Supreme Court of Appeals of West Virginia ("SCAWV"), which later affirmed the Board's decision by memorandum decision. *See Alliance Coal, LLC. v. Heath*, No. 19-0859, 2021 WL 653228 (W. Va. Feb. 19, 2021) (memorandum decision).

Petitioner was again evaluated by Dr. Martin in March 2021, and Dr. Martin reiterated his opinion that petitioner's issues with his left great toe were not related to the work-related injury. On April 1, 2021, the claim administrator denied any diagnoses related to petitioner's left great toe as compensable. Petitioner protested this order.

On November 5, 2021, petitioner was examined by Dr. Tune, who made a referral for petitioner to see Mark Hofbauer, D.P.M., a podiatrist. This referral stated "chronic toe swelling[,] toenail changes[,] Loss of toenail[,] Complex Regional Pain Syndrome in that foot and ankle[,] New Patient Consult." Dr. Tune's notes from the appointment indicated that the plan for petitioner was a "referral to Dr[.] Hofbauer re left great toe." On November 9, 2021, the claim administrator denied the referral to Dr. Hofbauer for treatment of the left great toe on the basis that issues related to petitioner's toe were denied as compensable. Petitioner protested this order.

In the meantime, petitioner was examined by Dr. Hofbauer on November 23, 2021. In Dr. Hofbauer's clinical notes, the reason for petitioner's visit is listed as "Left Toe Pain – previous crush injury." Dr. Hofbauer's treatment plan included a CT scan and an arthroscopic debridement of the ankle. By order dated January 4, 2022, Dr. Hofbauer's request for authorization was granted for arthroscopic debridement of the left ankle.

By order dated July 13, 2022, the Board affirmed both the April 1, 2021, order denying any diagnoses related to petitioner's left great toe as compensable and the November 9, 2021, order denying the referral to Dr. Hofbauer for treatment of the left great toe. The Board found that Dr. Tune's request for the referral to Dr. Hofbauer was "due to chronic toe swelling, toenail changes, loss of toenail; and noted a diagnosis of CRPS in the left foot and ankle." According to the Board, petitioner's toe injury was not compensable as noted by Dr. Martin, who opined that the amount of time between the work-related injury and the onset of the left great toe symptoms demonstrated that there was no causal relationship. The Board noted that Dr. Martin observed no signs of infection during his initial evaluation of petitioner and that Dr. Martin did not believe the toe injury resulted from swelling caused by a compensable condition. Further, Dr. Martin reiterated this same opinion in March 2021. The Board found that, as such, the medical evidence did not support a connection between petitioner's left toe condition and the work-related injury and that,

because the toe condition was not a compensable component, "treatment of the same . . . is likewise denied." Petitioner appeals the July 13, 2022, Board order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, petitioner argues that the Board erred in affirming the claim administrator's November 9, 2021 order denying him authorization for a referral to Dr. Hofbauer. According to petitioner, the referral was not solely for the purpose of evaluating his left great toe condition, but also included CRPS—a compensable condition. Petitioner argues that the record is replete with documentation confirming his injury and continued issues with pain and swelling of the left foot and ankle. Indeed, the Board specifically found that CRPS was noted in the referral and that Dr. Hofbauer obtained X-rays of petitioner's left foot and ankle. Further, Dr. Hofbauer's medical records clearly show that he did not treat petitioner's left toe and, rather, treated his ankle and foot. Petitioner also points out that the claim administrator subsequently authorized Dr. Hofbauer's request to perform a debridement of the left ankle, which demonstrates that he was providing medically necessary services for the compensable ankle injury. Petitioner argues that, as such, the referral to Dr. Hofbauer was medically reasonable and necessary given that he is a podiatrist and went on to treat petitioner's foot and ankle, and that the Board erred in affirming the claim administrator's order denying him authorization for the referral.[2] Upon our review, we find that petitioner is entitled to no relief.

---

[2] We note that respondent's argument side steps petitioner's argument that the referral for medical treatment should have been authorized on the basis of CRPS. West Virginia Rule of Appellate Procedure Rule 10(d) requires that the "respondent's brief must specifically respond to each assignment of error, to the fullest extent possible."

By order entered on October 14, 2022, this Court supplemented the record with petitioner's closing arguments before the Board below.[3] A review of the closing arguments reveals that petitioner never made the specific argument to the Board that he now makes on appeal. Rather, petitioner's closing arguments consisted of unclear statements that did not form a cohesive, comprehensible request that the authorization for medical referral should have been affirmed on the basis that it was for a compensable condition. Indeed, during the proceedings below, petitioner asked the Board to add his left great toe condition as a compensable component in the claim, and it is clear that the Board interpreted the referral as being for the left great toe. The Supreme Court of Appeals of West Virginia has clearly stated that "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co.*, Inc., 206 W. Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009).

Stated another way, "[i]n the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken." Syl. Pt. 1, *Mowery v. Hitt*, 155 W. Va. 103, 181 S.E.2d 334 (1971); *see also Evans v. Bayles*, 237 W. Va. 269, 275, 787 S.E.2d 540, 546 (2016); *In re Michael Ray T.*, 206 W. Va. 434, 444, 525 S.E.2d 315, 325 (1999); Syl. Pt. 3, *Voelker v. Frederick Bus. Prop. Co.*, 195 W. Va. 246, 465 S.E.2d 246 (1995); Syl. Pt. 2, *Sands v. Sec. Tr. Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958). Moreover, West Virginia Rules of Appellate Procedure Rule 10(c)(7) requires, in relevant part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." As petitioner failed to raise this argument before the Board during the proceedings below, he has waived his right to raise it on appeal.

Accordingly, we affirm.

Affirmed.

**ISSUED:** November 15, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Robert A. Irons, sitting by temporary assignment

---

[3] The Board made very few findings regarding the parties' closing arguments in its order.

Judge Thomas E. Scarr, voluntarily recused