IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 27, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KELLY L. SACKER,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-193** **(**WorkForce W. Va. Bd. of Rev. Case No. R-2025-0097)

**NORTHWOOD HEALTH**
**SYSTEMS, INC.,**
**Employer Below, Respondent**

**and**

**SCOTT A. ADKINS, in his official**
**capacity as Acting Commissioner**
**of WorkForce West Virginia,**
**Respondent**

**MEMORANDUM DECISION**

Petitioner Kelly Sacker appeals the April 8, 2025, decision of the WorkForce West Virginia Board of Review ("Board"), which affirmed the decision of the administrative law judge ("ALJ") and found Ms. Sacker was disqualified from unemployment compensation benefits following her separation from employment. Respondent Northwood Health Systems, Inc. ("Northwood") filed a response, and Ms. Sacker did not file a reply.[1] Respondent Scott A. Adkins, in his official capacity as Acting Commissioner of WorkForce West Virginia ("WorkForce") did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For the reasons set forth below, a memorandum decision affirming the Board's decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. Sacker was employed by Northwood as a mental health technician from June 29, 2022, until December 30, 2024. After she left employment, Ms. Sacker applied for unemployment compensation benefits. On January 14, 2025, a WorkForce claims deputy found Ms. Sacker was disqualified from unemployment benefits because she voluntarily

---

[1] Ms. Sacker is self-represented. Northwood is represented by Mitchell J. Rhein, Esq.

left employment and failed to provide evidence showing her separation involved fault on the part of Northwood. Ms. Sacker timely appealed the deputy's decision to the ALJ. On February 7, 2025, the ALJ held a telephonic hearing during which Ms. Sacker, Northwood's human resources director Christina Welshans, and Northwood's director of crisis services Christy Myers appeared and testified.

During the hearing, Ms. Sacker stated she was dealing with an unspecified illness and called off work on December 10, 12, 15, 19, 20, 21, and 22, 2024. Ms. Sacker testified that she received text messages from her supervisor on December 20, 2024, which Ms. Sacker interpreted to mean she was not permitted to return to work unless she had a medical excuse for every day she missed. Ms. Sacker testified that all of the shifts she missed were either covered, scheduled off, or excused, except for December 12, 2024. Because Ms. Sacker did not have a medical excuse for that date, she testified that she did not return to work for her next scheduled shifts on December 26, 27, and 28, 2024, because she believed she would not have been permitted to work. She testified that she did not want to quit her job but believed she would not have been allowed to work.

Ms. Myers testified that Ms. Sacker was terminated for job abandonment because she failed to show up to work on December 26, 27, and 28, 2024, and failed to meet with Northwood's privacy officer.[2] In addition, Northwood submitted a text message from Ms. Sacker dated December 20, 2024, where Ms. Sacker stated she was going to look for another job. On February 10, 2025, the ALJ issued a written decision affirming the deputy's decision, finding Ms. Sacker left work voluntarily without good cause involving fault on the part of Northwood, and finding Ms. Sacker was disqualified from unemployment compensation benefits. The ALJ determined that it was not an act of discharge for Northwood to inform Ms. Sacker that she was not permitted to return to work without providing medical excuses for the shifts she missed. Ms. Sacker appealed this decision to the Board, and the Board issued a decision on April 8, 2025, adopting the findings of the ALJ and affirming the ALJ's decision to disqualify Ms. Sacker from unemployment compensation benefits. It is from this order that Ms. Sacker now appeals.

In this appeal, our standard of review is as follows:

The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994).

---

[2] During her testimony, Ms. Sacker admitted that she failed to meet with Northwood's privacy officer due to her illness.

On appeal, Ms. Sacker asserts four interrelated assignments of error, which we will consolidate and restate for clarity. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error). Ms. Sacker's first, third, and fourth assignments of error argue she should have been permitted to return to work without the required doctor's excuses and allowed to receive a write-up for unexcused absences. Assignments of error three and four also argue Ms. Sacker did not abandon her job because her supervisor told her not to return without doctor's excuses for each day she missed. We disagree. West Virginia Code § 21A-6-3 (2025) states as follows:

> Upon the determination of the facts by the commissioner, an individual is disqualified for benefits:
>
> (1) For the week in which he or she left his or her most recent work voluntarily without good cause involving fault on the part of the employer and until the individual returns to covered employment and has been employed in covered employment at least 30 working days.

The Supreme Court of Appeals of West Virginia ("SCAWV") has defined "good cause," as used within this statute, to mean "cause involving fault on the part of the employer sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Syl. Pt. 4, *Childress v. Muzzle*, 222 W. Va. 129, 663 S.E.2d 583 (2008). When determining whether an employee "voluntarily quit," the SCAWV has explained as follows: "[f]rom our reading of the [Unemployment Compensation] Act, we believe the obligation of employees under the Act is to do whatever is reasonable and necessary to remain employed." *Id.* at 133, 663 S.E.2d at 587.

In this case, the ALJ found Ms. Sacker voluntarily quit her job when she failed to appear for her shifts on December 26, 27, and 28, 2024. The ALJ also relied on the December 20, 2024, text message sent by Ms. Sacker to her employer stating she was going to look for another job. The ALJ further determined that it was neither an act of discharge nor Northwood's intention to discharge Ms. Sacker when it required her to submit medical excuses. These findings are factual determinations that are entitled to substantial deference, and Ms. Sacker has failed to show that these findings are clearly wrong. *See Adkins*, 192 W. Va. at 561, 453 S.E.2d at 395, syl. pt. 3. It is well-established that "[a]n appellate court does not reweigh the evidence[.]" *State v. Thompson*, 220 W. Va. 246, 254, 647 S.E.2d 526, 534 (2007); *see also Coles v. Century Aluminum of W. Va.*, No. 23-ICA-81, 2023 WL 7202966, at *2 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision). "We must uphold any of the ALJ's factual findings that are supported by substantial evidence, and we owe substantial deference to inferences drawn from these facts." *Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 304, 465 S.E.2d 399, 406 (1995). The ALJ found Ms. Sacker left work voluntarily without good cause and did not show fault on the part of Northwood because she failed to report for her scheduled shifts for three consecutive days. Upon our

3

review of the record, we conclude that the ALJ's findings of fact and conclusions of law, as upheld by the Board, were not clearly wrong.

For her second assignment of error, Ms. Sacker argues she was terminated for playing a video and that the Board and ALJ should have considered this fact. However, Ms. Sacker failed to raise these arguments below. As this Court has held previously, "[a]ppellate courts will not decide nonjurisdictional questions raised for the first time on appeal." *Hecker v. McIntire*, No. 22-ICA-15, 2023 WL 152889, at *3 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision) (citing Syl. Pt. 1, *Mowery v. Hitt*, 155 W. Va. 103, 181 S.E.2d 334 (1971)). This video was not admitted into evidence, discussed, or referenced at the ALJ's hearing, and there is nothing in the record provided on appeal that shows Ms. Sacker raised this argument below. As a result, Ms. Sacker's second assignment of error is waived.

Accordingly, we affirm the Board's April 8, 2025, decision.

Affirmed.

**ISSUED:** February 27, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White